796 So.2d 579 (2001)
Jonathan McKINNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2048.
District Court of Appeal of Florida, Second District.
September 7, 2001.
*580 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
We reverse Jonathan McKinney's conviction for armed burglary because the evidence failed to prove that he was armed. Accordingly, we direct the trial court to acquit McKinney of armed burglary, adjudicate him guilty of the lesser offense of simple burglary, and resentence him.
McKinney was convicted based on circumstantial evidence that he burgled a home at some point during a five-day period when the owner, an acquaintance of McKinney's, was away. The State contended McKinney committed armed burglary because one of the items discovered missing when the homeowner returned was a shotgun. The gun was never recovered.
McKinney does not dispute that the evidence supported a burglary conviction, but he argues that there was inadequate proof that he took the shotgun. He points out that the owner spent five days away from the home. It could have been entered more than once during that time. Although the police found McKinney's fingerprints at the scene, there were other fingerprints that could not be linked to him, to the homeowner, or to the homeowner's other acquaintances.
Further, McKinney was not charged with the thefts of two automobiles which were stolen from the premises during the same period. A third car was equipped with a "kill switch" which prevented the car from starting unless a numeric code was punched into its keypad. The device was armed while the owner was away. When she returned home, she discovered that the car's battery had been discharged, as if someone had repeatedly attempted to start the car without entering the code. The owner acknowledged that McKinney was aware of the device, but did not know the code.
A special standard of review applies in circumstantial evidence cases. State v. Law, 559 So.2d 187, 188 (Fla.1989). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Id. (citations omitted). Viewing the evidence in the light most favorable to the State, the court must determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. Id. at 189.
Here, the evidence supported an inference that McKinney stole the shotgun and therefore possessed it during his burglary of the home, but the proof did not contradict his theory that another intruder took the gun. Because the State's evidence was not inconsistent with this reasonable hypothesis of innocence, we reverse the armed burglary conviction. The trial court shall acquit McKinney of that charge, adjudicate him guilty of simple burglary, and resentence him accordingly.
FULMER, A.C.J., and DAVIS, J., Concur.