805 So.2d 41 (2001)
Miguel A. LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-63.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
Rehearing Denied February 7, 2002.
Carey Haughwout, Public Defender, and Nan Ellen Foley and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, Miguel Lopez, appeals his conviction for burglary of a dwelling with an assault or battery. He contends that the trial court committed fundamental error *42 in giving an inaccurate jury instruction on burglary. We agree and reverse.
On June 26, 1999, Luz VanMeek was awakened by the sensation of roaches crawling in her bed. When she reached over to swipe away whatever had been touching her, she realized that she was actually being poked by someone. She turned around to see a man sitting up in her bed, saying "this is Michael, lady." VanMeek recognized the voice as that of appellant, the former roommate and boyfriend of her neighbor, Elizabeth Grazier. VanMeek jumped out of her bed and yelled to appellant to "get out." He continued to say "but this is Michael, lady." VanMeek ran down the stairs to the front door, continuing to order appellant to leave. When she arrived at the front door, she noticed it was ajar. Appellant followed her down the stairs and left out the front door. Appellant was subsequently arrested and charged with burglary with assault or battery pursuant to sections 810.02(1) & (2)(a), Florida Statutes (1999).
During appellant's trial, the victim testified that she had met appellant through Grazier, and that he had been to her home a few times, once to repair her bathroom and once when Grazier came over for dinner. Aside from those meetings her contact with appellant was limited. The victim also testified that at no point during the night of June 26th did she give appellant permission to enter her apartment.
Appellant testified in his own defense. He said that on the night in question he came to the neighborhood around 12:30 a.m. to see his sister. He had been told that his sister was staying with Grazier. When he arrived, he noticed that all of the lights in Grazier's home were out. He immediately returned home.
After closing arguments, the judge read the following instructions to the jury:
Before you can find the defendant guilty of burglary of a dwelling, the State must prove the following three elements beyond a reasonable doubt:
1. Miguel Angel Lopez entered or remained in a dwelling owned by or in the possession of Luz VanMeek.
2. Miguel Angel Lopez did not have the permission or consent of Luz VanMeek, or anyone authorized to act for her to enter or remain in the dwelling at the time.
3. At the time of the entering or remaining in the dwelling Miguel Angel Lopez had a fully-formed, conscious intent to commit an offense in the dwelling.
* * *
Even though an unlawful entering or remaining in a dwelling is proved, if the evidence does not establish that it was done with the intent to commit an offense, then the defendant must be found not guilty. (Emphasis supplied).[1]
Appellant did not object to the instruction at trial but argues on appeal that the instruction was fundamentally flawed because it allowed the jury to convict him of burglary even if he did not form the intent to commit an offense until after he entered the victim's home.
A party's "[f]ailure to object in the trial court precludes appellate review of an erroneous jury instruction, unless the error is fundamental." Davis v. State, 736 So.2d 27, 28 (Fla. 4th DCA 1999). We have held that failing to "give a complete or accurate instruction in a criminal case if *43 it relates to an element of the charged offense" is fundamental error. Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998). Because we deem this error to be fundamental, this issue is reviewable despite the absence of an objection in the trial court.
In Florida, burglary of a dwelling is committed in two different ways: (1) by entering a dwelling without permission with an intent to commit an offense; or (2) by remaining in a dwelling surreptitiously, after a consensual entry, with an intent to commit an offense. See Tinker v. State, 784 So.2d 1198, 1199 (Fla. 2d DCA 2001). Where the facts demonstrate that entry was without permission, the burglary instruction may not include the phrase "remaining in," as it wrongly allows conviction based on an intent to commit an offense formed after entry. Id.
In this case, there was no allegation or evidence that appellant ever had permission to be in the victim's home on June 26th. There was thus no evidence of appellant's "remaining in" the dwelling after a revocation of consent, which would support the alternative "remaining in" language in the instruction. The instruction, as given, suggested that the jury could convict appellant if he either entered the victim's home with the intent to commit an offense or did not form the intent until after he "remained in" her home. On these facts, however, with no consensual entry, the only way appellant could be convicted of burglary is if he had the intent to commit an offense when he entered the victim's home.
Because we cannot say beyond a reasonable doubt that this erroneous instruction did not affect the jury's verdict, we reverse and remand for a new trial. See Wadman v. State, 750 So.2d 655 (Fla. 4th DCA 1999)(where instruction is confusing or misleading, prejudicial error occurs if the instruction may have caused the jury to arrive at a different conclusion than it otherwise would have reached).
REVERSED and REMANDED.
DELL and GUNTHER, JJ., concur.
NOTES
[1] These instructions vary from the standard jury instructions, which do not insert the word "or" between [entering][remaining in]. See Fla. Std. Jury Instr. (Crim.) 810.02.