821 So.2d 378 (2002)
Bernard WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0623.
District Court of Appeal of Florida, First District.
July 9, 2002.
Steven L. Seliger, Esq. of Garcia and Seliger, Quincy, for Appellant.
Robert A. Butterworth, Attorney General; Kenneth D. Pratt, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We affirm appellant's convictions and sentences for aggravated battery and burglary of an occupied dwelling with assault. Because the state presented evidence of a prima facie case on the burglary of an occupied dwelling charge, the trial court correctly denied appellant's motion for a judgment of acquittal. Appellant also challenges the trial court's instruction to the jury that appellant could be convicted of burglary if he formed the requisite intent when he entered or "remained in" the dwelling. Appellant argues that this instruction is contrary to the Florida Supreme Court's decision in Delgado v. State, 776 So.2d 233 (Fla.2000), abrogated by statute as noted in Otero v. State, 807 So.2d 666 (Fla. 4th DCA 2001), which required the "remaining in" to be surreptitious in order to be convicted of burglary. However, this Court has previously held *379 that challenges to an "inaccurate or erroneous instruction must be preserved for appeal." Reed v. State, 783 So.2d 1192, 1196-97 (Fla. 1st DCA 2001). Because the alleged error is not fundamental and appellant did not raise an objection to the instruction at trial, he failed to preserve this issue for appeal. But see Valentine v. State, 774 So.2d 934 (Fla. 5th DCA 2001).
AFFIRMED.
BOOTH, WOLF and LEWIS, JJ., concur.