823 So.2d 253 (2002)
Sidney JOHNEKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1057.
District Court of Appeal of Florida, Third District.
August 7, 2002.
*254 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before COPE and LEVY, JJ., and NESBITT, Senior Judge.
COPE, J.
Sidney Johnekins appeals his conviction for armed burglary. We affirm.
Defendant-appellant Johnekins acknowledges that the evidence was legally sufficient to convict him of burglary, but argues that it was legally insufficient to establish that he armed himself during the burglary. He argues that his judgment of acquittal should have been granted on this point, and that the conviction should be reduced from armed burglary to burglary.
Defendant burglarized a warehouse occupied by Exclusive Design Furniture which had closed for Christmas vacation from December 22, 1998 to January 2, 1999. On the morning of December 27, an employee went to the warehouse to pick up a drill. Everything in the warehouse appeared to be in order.
At three o'clock, the employee came back with his sister to return the drill. When he entered the warehouse, he noticed that a vehicle parked inside now had its door open, which had previously been closed. The office door, which had been closed that morning, was now open. The witness heard noises coming from the loft area above the office. He looked up and saw the defendant, who he recognized from the neighborhood.
The employee quickly went outside and went with his sister across the street to call the police from a pay telephone. While doing so, the employee saw two individuals walking out of the adjacent warehouse. One of the individuals was the defendant.
The police arrived, and with the employee, located the defendant nearby. The defendant was arrested. He was not found to be in possession of a handgun. The other man ran away.
The business owner arrived and found that a handgun he kept in the office had been taken. It turned out that entry had been gained to Exclusive's premises from the adjacent warehouse, which was vacant. The perpetrators had broken a hole in the sheetrock to allow entry through the wall from the vacant warehouse into Exclusive's premises. The defendant had sheetrock dust on him and a piece of sheetrock in his trouser cuff.
The defendant's first argument for judgment of acquittal was that someone else may have broken into Exclusive's premises at any time between the holiday closing on December 22 and the defendant's arrest on December 27, and taken the handgun. Thus, although the defendant was caught red-handed in the middle of a burglary on December 27, the defense theorizes that the handgun was already gone and the defendant could not have taken it.
The trial court was entirely correct in rejecting this meritless theory. If the defendant wants to make the argument that there was an earlier burglary, the defendant must cite evidence, not speculation. The sole basis for the defendant's argument is the fact that there had been a number of burglaries in this area previously. But there is no evidence that these premises had been burglarized at any point between December 22 and the defendant's entry on December 27. Indeed, on *255 the morning of December 27, Exclusive's employee had come to pick up a drill and everything was in order.
The defendant relies on McKinney v. State, 796 So.2d 579 (Fla. 2d DCA 2001), but in that case the court cited fingerprint and other evidence it regarded as sufficiently demonstrating that more than one perpetrator had entered the premises. Further, in our case (unlike McKinney), the employee entered the warehouse on the morning of December 27 and found nothing amiss.
The defendant made another motion for judgment of acquittal which was more substantial. He points out that Exclusive's employee saw the defendant exit the adjacent warehouse in the company of another person. The defendant theorizes that the other person may have taken the gun, not the defendant, and therefore the evidence was insufficient to convict the defendant of arming himself during the course of the burglary. We conclude that the trial court correctly denied the motion for judgment of acquittal on this point as well.
The owner testified that the gun was kept in a box in the office in the warehouse. When the employee entered and saw the office door open, he looked up into the loft above the office. That is where he saw the defendant. The defendant was directly above the place where the firearm was stored. The employee only saw the defendant inside Exclusive's warehouse, not the co-perpetrator.
When the defendant and co-perpetrator exited through the adjacent warehouse, they went down the street and were not under continuous observation of the employee. There was, in other words, time for the defendant to dispose of the firearm and the fact that the defendant had no firearm when arrested is not dispositive of the issue. The evidence was sufficient to go to the jury.
The defendant next argues that, as a matter of fundamental error, the jury instructions in this case were confusing and misleading. When the trial court began instructing on burglary, the court misspoke and referred to the definition of burglary as being the definition of armed burglary. The court also initially inadvertently omitted part of the definition relating to being armed. Before the jury retired, however, the court noticed the error, advised the jury of the omission, and hand-wrote the missing portion of the instruction on the written instructions which were given to the jury for consideration. The court also pointed out for the jury the distinction on the verdict form between armed burglary and burglary. The defense made no objection relating to the instructions or clarifications, and made no request for any additional instructions or clarifications. We conclude that the instructions, as clarified, were adequate and not misleading. We see no fundamental error.
The defendant also argues, as a matter of fundamental error, that the burglary instructions should have eliminated the "remaining in" portion of the standard jury instruction for burglary. At the time of defendant's crime the burglary statute provided:
810.02 Burglary.
(1) "Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
§ 810.02(1), Fla. Stat. (1997). The "remaining in" language has been interpreted to apply "only in situations where the remaining in was done surreptitiously." Delgado v. State, 776 So.2d 233, 240 (Fla. *256 2000).[*] The typical "remaining in" situation is where the perpetrator enters with consent, or enters premises that are open to the public, and then conceals himself on the premises with the intent to commit a crime therein. Id.
The State's theory of prosecution in this case was that the defendant broke into Exclusive's business premises with the intent to commit theft therein. The State did not prosecute the case on the theory that the defendant had entered with consent, or while the business premises were open, and thereafter remaining in the premises with the intent to commit a crime.
Although there was no prosecution theory relating to the "remaining in" portion of the burglary statute, the standard jury instruction was given without objection as follows:
Number one, Sidney Johnekins entered into and/or remained in a structure owned by or in the possession of Luis Vargas and/or Noel Perez.
Two, Sidney Johnekins did not have the permission or consent of Luis Vargas and/or Noel Perez or anyone authorized to act for either of them to enter in and/or remain in the structure at the time.
Three, at the time of the entering and/or remaining in the structure, Sidney Johnekins had a fully-formed conscious intent to commit the offense of theft in that structure.
* * * * *
Even though an unlawful entering and/or remaining in the structure is proved, if the evidence is not established that it was done with the intent to commit theft, the defendant must be found not guilty.
The defendant argues that this instruction, as given, "erroneously allowed the jury to convict Mr. Johnekins even if it believed he formed the requisite intent after he entered the warehouse, while he `remained in' the warehouse." Supplemental brief of appellant at 3 (emphasis in original).
We see no scenario under which the defendant could break through the warehouse wall without criminal intent, enter with no criminal design whatsoever, and only thereafter perform a criminal intent. As a matter of common sense and Florida law, such an entry is done with the purpose of committing a crime inside:
810.07 Prima facie evidence of intent.
(1) In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense.
810.07(1), Florida Statutes (1997).
The Florida Supreme court has said, "Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." State v. Delva, 575 So.2d 643, 645 (Fla.1991) (citations omitted); see also Holiday v. State, 753 So.2d 1264 (Fla.2000); Stewart v. State, 420 So.2d 862, 863 (Fla.1982); Wiggins v. State, 821 So.2d 378 (Fla. 1st DCA 2002). Similarly, giving an instruction on a matter which is not in material dispute is *257 properly viewed as mere surplusage and certainly not a matter of fundamental error. Daughtry v. State, 804 So.2d 426 (Fla. 4th DCA 2001), review denied, 819 So.2d 134 (Fla.Apr.25, 2002).
To the extent the defendant may be claiming that it is always fundamental error to give the "remaining in" part of the jury instruction in a case where "remaining in" does not apply, we disagree. The analysis depends on the facts of the individual case.
The defendant relies on Lopez v. State, 805 So.2d 41 (Fla. 4th DCA 2001). In the somewhat bizarre facts of that case, the defendant (an acquaintance of the victim) entered the victim's apartment after midnight while she was asleep. She awakened to find the defendant poking her and repeatedly saying "this is Michael, lady." Id. at 42. She told the defendant to get out, and eventually he did. At trial the defendant admitted coming to the apartment but denied that he went inside.
Since there was no evidence of consensual entry, it followed that the defendant could be convicted of burglary only if he had formed the intent to commit his assault or battery prior to entering the victim's apartment. In view of the unusual nature of the encounter, i.e., the defendant poking the victim and saying his name, the court entertained some doubt about whether the defendant had actually possessed the intent to commit this assault or battery (no other crime was committed) prior to entering the apartment. The court's concern was that the jury may have convicted the defendant on the theory that he had formed the intent to commit an assault or battery after entry, but while "remaining in" the apartment. Thus, the court found fundamental error in the jury instruction and remanded for a new trial. Plainly this was done by analyzing the specific facts of the case to see if the defendant was harmed by the giving of the instruction.
In Valentine v. State, 774 So.2d 934 (Fla. 5th DCA), review dismissed, 790 So.2d 1111 (Fla.2001), the court found fundamental error. With regard to the "remaining in" part of the instruction, the facts of the case were that the highly intoxicated defendant entered the victim's vehicle without consent. The victim was his former girlfriend, who was in the car. After gaining entry he grabbed the victim and slapped her.
Here, too, the court found that it was possible the defendant first entered the car without consent, and only after entry, formed the intent to assault the victim. There was no evidence of consensual entry of the car, so a "remaining in" theory did not apply. Because the jury could have convicted the defendant on the theory that he formed the intent to assault the victim not at the time of entry, but later, during the "remaining in," the court concluded that this part of the jury instruction constituted fundamental error, and was one of two grounds for ordering a new trial.
The defendant relies also on Tinker v. State, 784 So.2d 1198 (Fla. 2d DCA 2001). As an initial matter, Tinker is a case in which the defendant objected to the jury instruction. Id. at 1199. It is not a fundamental error case. Nonetheless, the court ordered a new trial only after examination of the facts in determining that the defendant had been harmed by the giving of the instruction. In Tinker, the State argued to the jury that the defendant was guilty of burglary even if he did not have the intent to commit a criminal act at the time of his non-consensual entry into the victim's apartment. Id. at 1200. The State had argued that the defendant was guilty of burglary even if he had formed his intent to commit battery after entry and while remaining in the premises.
*258 In the present case, the defendant broke a hole through the wall of Exclusive's business premises in order to gain entry. There is no plausible analysis under which the jury could have concluded that the defendant entered Exclusive's premises without criminal intent and only formed criminal intent while "remaining in" Exclusive's warehouse space. As applied to the facts of the present case, the inclusion of the "remaining in" part of the burglary instruction was mere surplusage and not fundamental error.
Affirmed.
NOTES
[*] The 2001 legislature amended the burglary statute with the intent of overturning Delgado. See Braggs v. State, 815 So.2d 657 (Fla. 3d DCA 2002) (en banc), notice to invoke discretionary jurisdiction filed, No. SC02-524 (Fla. March 1, 2002); Otero v. State, 807 So.2d 666 (Fla. 4th DCA 2001).