828 So.2d 445 (2002)
John P. MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1371.
District Court of Appeal of Florida, Fourth District.
October 16, 2002.
*446 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
As to all issues except restitution, we affirm Miller's conviction and sentence for the offenses of burglary of a structure, possession of burglary tools, and grand theft.
The record reflects that a security guard at a country club heard banging in the early morning hours, coming from the screened-in porch area attached to the golf pro shop. The guard saw two figures by a soda machine inside the porch area. The two ran off as the security guard approached.
Miller and co-defendant, Gary Matthews, were soon picked up nearby and identified by the security guard. Matthews reached a plea agreement and testified that the two ran out of money and decided to break into the vending machines at the golf course. Matthews admitted that they entered the country club with the intent to break into the vending machines and had a crow bar that they used to do so before being interrupted. A crow bar was found in their car. A total of four vending machines were pried open that night and money was taken. Miller's fingerprints were found on both the car and the vending machines.
At trial, the jury was erroneously instructed on the offense of burglary in the following manner, without objection:
Before you can find the defendant guilty of burglary the State must prove the following three elements beyond a reasonable doubt. Element number one is that John Patrick Miller entered or remained in a structure owned by or in the possession of American Golfer's Club. Element number two, John Patrick Miller did not have the permission or consent of American Golfer's Club or anyone authorized to act for them to enter and/ or remain in the structure at the time. Element number three, at the time of entering and/ or remaining in the structure John Patrick Miller had a fully formed conscious intent to commit the offense of theft in that structure.
(emphasis added) As the instruction indicates, burglary of a dwelling may be committed either: (1) by entering a dwelling without permission with an intent to commit an offense; or (2) by remaining in a dwelling surreptitiously, after a consensual entry, with an intent to commit an offense.[1]
Here, it was error to instruct the jury on the "remaining in" language where the facts at trial clearly demonstrated that *447 the entry was without permission. Where entry is without permission, the jury may not be instructed on "remaining in," as "it wrongly allows conviction based on an intent to commit an offense formed after entry." Lopez v. State, 805 So.2d 41, 42 (Fla. 4th DCA 2001); see also Tinker v. State, 784 So.2d 1198 (Fla. 2d DCA 2001)(holding that where there is no evidence as to consent to entry, it is erroneous to include "remaining in" language).
Although erroneous, no objection was made to the instruction at trial. A party's failure to object in the trial court precludes appellate review of an erroneous jury instruction unless the error is deemed fundamental. Davis v. State, 736 So.2d 27, 28 (Fla. 4th DCA 1999). Giving an instruction on a matter which is not in material dispute is properly viewed as mere surplusage and not a matter of fundamental error. Daughtry v. State, 804 So.2d 426 (Fla. 4th DCA 2001). Here, the inclusion of the "remaining in" part of the standard burglary jury instruction was mere surplusage and not fundamental error.
Whether fundamental error has occurred when the "remaining in" language has been included in a burglary instruction turns on the facts of each case. Johnekins v. State, 823 So.2d 253, 257 (Fla. 3d DCA 2002); see also Couzo v. State, 830 So.2d 177 (Fla. 4th DCA 2002). In Johnekins, the defendant entered a warehouse by breaking a hole in sheetrock from an adjacent warehouse; when arrested, the "defendant had sheetrock dust on him and a piece of sheetrock in his trouser cuff." Id. at 256. There, the court saw "no scenario under which the defendant could break through the warehouse wall without criminal intent, enter with no criminal design whatsoever, and only thereafter perform a criminal intent." Id. Thus, the inclusion of the "remaining in" language was deemed to be mere surplusage and not fundamental error. Id. at 258.
As in Johnekins and Couzo, the inclusion of the "remaining in" language was mere surplusage. There is no plausible analysis under which the jury could have concluded that Miller only formed criminal intent while "remaining in" the porch area. In fact, there was testimony from Miller's accomplice that the two entered the country club with the intent to take money from the vending machines located next to the pro shop. As in Johnekins, where the fact that the defendant broke through a warehouse wall negated any possibility that he entered without criminal intent; the fact that Miller, armed with a crow bar, entered the screened-in porch area next to the golf pro shop of a country club after hours negates any possibility that the jury could have determined that Miller entered without criminal intent and only formed criminal intent while "remaining in" the porch area. See also Couzo, No. 01-2468 (holding that inclusion of "remaining in" language was not fundamental error where fact that defendant punched a hole in roof of check cashing store at night negated any possibility that he could have formed the requisite intent after his entry into the store).
Our previous decision of Lopez is distinguishable from the instant case. In Lopez, the defendant entered the victim's apartment after midnight while she was asleep. The victim awoke to find the defendant poking her and repeatedly saying "this is Michael, lady." 805 So.2d at 42. Since there was no evidence of consensual entry, it followed that the defendant could be convicted of burglary only if he had formed the intent to commit his assault or battery prior to entering the victim's apartment. In view of the unusual nature of the encounter, the court entertained *448 doubts as to whether the defendant had actually possessed the intent to commit the assault or battery prior to entering the apartment. Id. This court concluded that the trial court had fundamentally erred in including the "remaining in" language where the jury may have convicted the defendant on the theory that he had formed the intent to commit assault or battery after entry, but while "remaining in" the apartment. Id. at 43.
Here, unlike in Lopez, there is no danger that the jury instruction may have confused or misled the jurors into believing that they could convict the defendant of burglary even if he formed the intent while "remaining in" the structure. There was no innocent explanation as to why Miller was on the grounds of the country club in the early morning hours much less why he entered the porch next to the pro shop armed with a crow bar.
This case is also distinguishable from the recent case of Floyd v. State, 27 Fla. L. Weekly S697, ___ So.2d ___, 2002 WL 1926223 (Fla. Aug. 30, 2002). There, the supreme court reversed a burglary conviction where the "remained in" language was included in an armed burglary jury instruction. However, in Floyd, there was evidence that the defendant had spent several minutes arguing with the victim in her home before shooting her. Unlike this case, it was, therefore, arguable that the defendant did not have the requisite intent until after he entered the victim's home.
We therefore conclude, based on the reasoning outlined in both Johnekins and Couzo, that it was not fundamental error to include the "remaining in" language in the charge. There is no plausible analysis under which the jury could have concluded that Miller entered the premises without criminal intent and only formed criminal intent while "remaining in" the structure next to the pro shop. The inclusion of the language is, therefore, surplusage and not fundamental error. See also Wiggins v. State, 821 So.2d 378 (Fla. 1st DCA 2002)(holding that inclusion of "remaining in" language was not preserved and not fundamental error); Foster v. State, 27 Fla. L. Weekly D1360, ___ So. 2d ___, 2002 WL 1285453 (Fla. 1st DCA June 12, 2002)(holding that the inclusion of "remaining in" language is not fundamental error).
We also affirm as to the conviction for possession of burglary tools, where, as Miller concedes, his motion for judgment of acquittal was not sufficient to preserve any issue for review. Further, even if preserved, we would still affirm as to that issue. See Desin v. State, 414 So.2d 516 (Fla.1982).
We do reverse the restitution provision, however, as it was imposed without holding an evidentiary hearing.
The court ordered restitution in the amount of $13,196.85. The state concedes that if the issue was preserved, it was error for the court to impose restitution without conducting an evidentiary hearing. See Langston v. State, 616 So.2d 597 (Fla. 4th DCA 1993); Young v. State, 601 So.2d 636 (Fla. 4th DCA 1992).
The record reflects that Miller's counsel did preserve the issue for review. No magic words are needed to make a proper objection. Avila v. State, 781 So.2d 413, 415 (Fla. 4th DCA 2001). An issue is preserved for appeal if the attorney's articulated concern is sufficiently specific to inform the trial court of the alleged error. Id. Here, when asked at trial whether there was an objection to the amount, defense counsel initially stated, "[t]hat's not unreasonable, Your honor." However, defense counsel went on to state that "[a]lthough obviously, we would like to have a restitution hearing. Because it's not clear *449 how much the loss is.... I don't know how they come up with those numbers." Later in the proceeding, defense counsel was again asked if they disputed the amount. Defense counsel stated, "I don't know enough to dispute it. There are no facts in front of me, and I don't have any to confront. so I have no reason to doubt it. But I have no way of confirming it." The trial court then went on to impose restitution noting to defense counsel that, "[i]f you want to appeal this, you can."
Here, counsel's expression of concern for a hearing was sufficiently specific enough to inform the trial court of the error. Finding the issue preserved, we vacate the restitution award and remand the case for a restitution hearing.
As to all other issues raised, we also affirm.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] In Delgado v. State, 776 So.2d 233 (Fla. 2000), the supreme court held that the "remaining in" language applied only in situations where the remaining was done surreptitiously. In section 810.015, Florida Statutes (2001), the legislature expressed its intent that Delgado be nullified. Because we affirm on the basis that the error was not preserved and not fundamental, we do not address the applicability of the statute.