■ SHAHOOD, J.
Appellant in this case was convicted of grand theft, fleeing or attempting to elude an officer, possession of marijuana less than 20 grams, and burglary of an occupied dwelling. As a result of the conviction of burglary of an occupied dwelling, appellant was sentenced as a prison releas-ee reoffender. ' We affirm his convictions and sentences on all charges. We write only to discuss the final issue raised by appellant — whether the trial court committed fundamental error in giving an inaccurate jury instruction on the burglary charge.
In this case, the evidence showed that, in the middle of the night, the victim awoke to find a heavy-set, black gentleman, approximately six feet tall, standing at the sliding glass door as if he were going to enter the house. ' The man’s hand was on the door and the door was approximately six inches open. The victim later realized that the man had already been in the house and was just leaving. The victim chased the man away and went back inside his home to call the police. He later discovered that some cash, a watch, a piece of furniture, a cell phone; and some blank checks had been taken.
A few hours after the burglary, appellant was apprehended driving a stolen car. The items which had. been taken from the victim’s apartment were found in the car which appellant was driving.
In Lopez v. State, 805 So.2d 41 (Fla. 4th DCA 2001), this court reviewed the propriety of instructing the jury that appellant could be found guilty of burglary of an occupied dwelling if it was> found that he entered or remained in the dwelling with *294 an intent to commit an offense therein. We stated,
In Florida, burglary of a dwelling is committed in two different ways: (1) by entering a dwelling without permission with an intent to commit an offense; or (2) by remaining in a dwelling surreptitiously, after a consensual entry, with an intent to commit an offense. See Tinker v. State, 784 So.2d 1198, 1199 (Fla. 2d DCA 2001). Where the facts demonstrate that entry was without permission, the burglary instruction may not include the phrase “remaining in,” as it wrongly allows conviction based on an intent to commit an offense formed after entry. Id.
Id. at 42.
Under the facts in Lopez, the error was deemed fundamental. There, the appellant, who was the former boyfriend and roommate of the victim’s neighbor, had entered the victim’s apartment one night, stood by her bed and poked her while she slept. Because there was no evidence of a consensual entry, this court held that giving the “remaining in” instruction could only serve to confuse or mislead the jury by suggesting “that the jury could convict appellant if he either entered the victim’s home with the intent to commit an offense or did not form the intent until after he ‘remained in’ her home.” Id. at 42.
In subsequent cases, we have held that the issue of whether it is fundamental error to include the “remaining in” language in á burglary instruction turns on the facts of each case. See Miller v. State, 828 So.2d 445 (Fla. 4th DCA 2002); Couzo v. State, 830 So.2d 177 (Fla. 4th DCA 2002). Specifically, if, based on the facts, there can be no innocent explanation as to why the defendant is in the building, there can be no misconception by the jury that he formed his intent only after remaining in the structure. See Miller. Thus, where the method of entry leaves no room for doubt as to when the defendant formed his intent, there could be no chance that the jury could erroneously convict the defendant for remaining in the structure. See, e.g., Miller, 828 So.2d 445, 448 (finding no error in including “remaining in” language where defendant was on the grounds of a country club in the early morning hours and entered the screened-in porch area next to the golf pro shop armed with a crow bar); Couzo, 830 So.2d 177, 180 (finding no error in including “remaining in” language where defendant punched a hole in the roof of a check cashing store in the middle of the night, cut the store’s phone lines and activated the alarm).
As in Miller and Couzo, the present case is distinguishable from Lopez and the facts do not support a conclusion that giving the “remaining in” language in the instruction amounted to fundamental error. In this case, the only evidence was that appellant was seen standing at the sliding glass door, apparently on his way out. It was later ascertained that he had pried the door open and robbed the victim. Thus, based on appellant’s manner of entry, which demonstrates an obvious lack of consent to enter, as well as the lack of evidence that appellant remained in the apartment, there could be no confusion as to when the intent to commit an offense was formed. Consequently, any error in including the “remaining in” language in the burglary instruction was not fundamental.
We affirm as to all other issues raised.
AFFIRMED.
STEVENSON and MAY, JJ., concur.