HAZOURI, J.,
dissenting.
I respectfully dissent. The defendant appeals his conviction on the basis that the trial court erred in giving a jury instruction on burglary that allowed the jury to find the defendant guilty if he either entered or remained in a structure with the intent to commit the offense of theft in that structure. Although the defendant did not object to the instruction at trial, he now argues that the inclusion of the “remaining in” language constituted fundamental error. The majority holds that the instruction was not error because the jury could have determined that the defendant either entered the dorm room without consent or entered the room with implied consent and remained in surreptitiously. I respectfully disagree. There was no evidence in this case to support a finding that the defendant surreptitiously remained in the dorm room.
The Florida Supreme Court in Delgado v. State, 776 So.2d 233, 240 (Fla.2000), held that the most favorable interpretation of Florida’s burglary statute is to hold that the “remaining in” language applies only in situations where the remaining in was done surreptitiously. The Court clearly limited the “remaining in” language to situations where the suspect enters lawfully and subsequently secrets himself from the host. In the instant case, the defendant entered the room through an open door. At trial, the defendant alleged that the open door constituted implied consent. After entering the room, he closed the door behind him. When Atiene, the occupant of the dorm room, asked him what he was doing there the Defendant replied, “I’m looking for Lisa.” The majority reasons that this behavior could amount to surreptitiously remaining inside. I disagree. Surreptitiously remaining in has been interpreted as requiring some sort of concealment. See Johnekins v. State, 823 So.2d 253, 255-56 (Fla. 3d DCA 2002) (holding that the typical “remaining in” situation is where the perpetrator enters with consent, or enters premises that are open to the public, and then conceals himself on the premises with the intent to commit a crime therein). It is the concealment which makes the remaining in surreptitious. In the instant case, the defendant did not attempt to conceal himself. He did, however, make an allegedly false statement as his reason for entering the room, that he was “looking for Lisa.” Had the defendant gained entry to the room by falsely stating that he was “looking for Lisa,” then his entry would have been gained by fraud or trick. When consent to enter is obtained by trick or fraud there is no consent at all and Delgado does not apply. See Schrack v. State, 793 So.2d 1102 (Fla. 4th DCA 2001). These are not the facts of the instant case. In the instant case, the defendant entered the room with allegedly implied consent and while he may have lied while inside the room, his false statement does not amount to concealment or surreptitious remaining in. Therefore, the “remaining in” language in the jury instruction was error under Delgado.
*950 The next question is whether it amounts to fundamental error. In Couzo v. State, 830 So.2d 177 (Fla. 4th DCA 2002), this Court held that whether fundamental error has occurred when the “remaining in” language has been included in a burglary instruction turns on the facts of each case. Id. at 180. It is not fundamental error if there is no evidence or plausible analysis under which the jury could have concluded that the defendant entered the premises without criminal intent and only formed criminal intent while remaining in the structure. In the instant case, the jury could have found that the defendant entered the premises without criminal intent and later formed the intent after viewing the music collection and other items in the dorm room. Therefore, under the facts of this case, the inclusion of the “remaining in” language constituted fundamental error.