DAVIS, Judge.
S.R.G. challenges the disposition order of the circuit court adjudicating her delinquent for an act of criminal mischief involving vandalizing an automobile. She specifically maintains that the trial court erred in denying her motion for judgment of acquittal because there was insufficient circumstantial evidence to prove identity. We agree and reverse.
We realize that where the only proof of guilt is circumstantial, a conviction may not be sustained no matter how strongly the evidence may suggest guilt, unless the evidence is inconsistent with any reasonable hypothesis of innocence. The accepted standard of review, however, is not whether the evidence failed to exclude every reasonable hypothesis but that of guilt, but whether there was substantial, competent evidence for [the factfinder] to so conclude.
Bradford v. State, 460 So.2d 926, 931 (Fla. 2d DCA 1984) (citations omitted); see also Porter v. State, 752 So.2d 673 (Fla. 2d DCA 2000).
Following our de novo review of the instant record, see Pagan v. State, 830 So.2d 792, 803 (Fla.2002), cert. denied, - U.S. -, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003), we conclude that the State did not provide competent, substantial evidence for the trial court to conclude that S.R.G. was the individual who vandalized the automobile. Accordingly, we reverse the adjudication of delinquency.
Reversed.
STRINGER, J., and SCHEB, JOHN M., Senior Judge, concur.