WALLACE, Judge.
The State appeals the trial court’s order granting Kelly Fagan’s motion for a judg *321 ment of acquittal after a jury found her guilty of one count of identity theft pursuant to subsections (l)(f) and (2) of section 817.568, Florida Statutes (2000), and three counts of credit card fraud pursuant to subsections (1) and (3)(a) of section 817.481. Because the State’s evidence created a prima facie inconsistency with the defense theory of innocence, we reverse and remand for reinstatement of the jury verdict.
Fagan worked at a health spa and weight-loss center. The State alleged that Fagan used the personal information of one of the spa’s clients to procure fraudulent credit cards, which she used to make purchases and obtain funds. To prove Fa-gan’s guilt, the State offered the following evidence: (1) she had access to the victim’s personal information contained in the spa’s client records; (2) three fraudulent credit card applications listed the spa as the victim’s address; (3) notifications to the credit card companies changed the mailing address for the accounts to Fa-gan’s residence; (4) two such notifications originated from the telephone at her residence; (5) one fraudulent credit card was delivered via United Parcel Service to Fa-gan’s residence and signed for in the victim’s name; (6) purchases using the credit cards were made in the vicinity of Fagan’s residence; (7) after Fagan changed residences, notifications to the credit card companies changed the mailing address for the accounts to Fagan’s new residence; (8) fraudulent credit card balance transfer checks drawn on two of the accounts were delivered to Fagan’s new residence; and (9) one balance transfer check was deposited into an account owned by Fagan’s father under circumstances strongly indicative of Fagan’s direct involvement. Through cross-examination, Fagan elicited testimony in support of a theory that another person had committed the crimes. Fagan did not testify in her own defense. Fagan moved for a judgment of acquittal at the close of the State’s case and at the conclusion of all the evidence. The trial court reserved ruling. After the jury returned a verdict finding Fagan guilty as charged on all four counts, the trial court granted the defense motion and entered a judgment acquitting Fagan on all four counts. The trial court’s order found “the quality of proof insufficient as a matter of law to sustain a verdict of guilty beyond a reasonable doubt.”
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Pagan v. State, 830 So.2d 792, 803 (Fla.2002), cert. denied, — U.S. -, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003). In this case, the State concedes that its evidence against Fagan was wholly circumstantial. No matter how strongly circumstantial evidence may suggest guilt, a motion for judgment of acquittal should be granted if the State fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt, viewing the evidence in the light most favorable to the State. State v. Law, 559 So.2d 187, 188-89 (Fla.1989); S.R.G. v. State, 852 So.2d 879, 28 Fla. L. Weekly D1808 (Fla. 2d DCA Aug.1, 2003). The State is not required to rebut conclusively every possible variation of events that could be inferred from the evidence but only to introduce competent evidence that is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. Orme v. State, 677 So.2d 258, 262 (Fla.1996). The Orme court explained the function of the trial court:
[T]he sole function of the trial court on motion for directed verdict in a eircum- *322 stantial-evidence case is to determine whether there is prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State and (b) the defense theory or theories. If there is such inconsistency, then the question is for the finder of fact to resolve.
Id. On appeal, the trial court’s finding in this regard will be reversed only when unsupported by competent, substantial evidence. Id.
In this case, the defense theory was that another person, to whom we shall refer as N.A., was the real identity thief and perpetrator of credit card fraud against the victim. In support of this theory, Fagan elicited testimony that N.A., a convicted felon, was under investigation for a similar crime against another victim who was a client at the spa where both Fagan and N.A. worked. Further, N.A. had equal access to the victim’s personal information, had lived at Fagan’s residence for a time, and had received mail there. N.A. had testified as a witness for the State and denied any involvement in the alleged offenses. The State countered the defense theory with evidence that a credit card balance transfer check, fraudulently endorsed with the victim’s name to Fa-gan’s father and signed by him, was deposited into his account at the same time a check issued to Fagan was endorsed to him and deposited into his account. Viewed in the light most favorable to the State, these facts were competent evidence that Fagan, not N.A., engaged in the alleged fraudulent activity. These facts created a prima facie inconsistency with the defense theory; it then became the jury’s duty to determine whether the evidence was sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. See Carpenter v. State, 785 So.2d 1182, 1193-95 (Fla.2001) (affirming denial of judgment of acquittal in a murder case when the defense theory was that another person at the scene committed the murder, but competent evidence did not exclude the defendant’s culpability).
Fagan cites McKinney v. State, 796 So.2d 579 (Fla. 2d DCA 2001), but the case is not to the contrary. In McKinney, the defendant was convicted of armed burglary based on circumstantial evidence that the defendant entered a house while unarmed, stole a shotgun from within the house, and possessed it during the burglary. There was also evidence that others had attempted to burgle the home during the homeowner’s five-day absence. Id. at 580. This court reversed the conviction for armed burglary and directed the trial court to adjudicate the defendant guilty of simple burglary. Although the defendant conceded that the evidence established simple burglary, the inference from the State’s evidence that the defendant was armed with the shotgun did not directly rebut the defense theory that another person entered the house and stole the shotgun at some point during the homeowner’s five-day absence. Id. In this case, by contrast, the State presented competent evidence involving the deposits into the account owned by Fagan’s father that directly rebutted Fa-gan’s theory that N.A. was the real perpetrator. Because of this prima facie inconsistency with the defense theory, the question of whether the State proved Fa-gan’s guilt beyond a reasonable doubt was properly for the jury to determine. Accordingly, we reverse the judgment of acquittal and remand to the trial court to reinstate the jury verdict.
Reversed and remanded.
SALCINES and VILLANTI, JJ., concur.