PER CURIAM.
In this direct appeal, Charles Tonge challenges his judgment and sentence for armed burglary of a dwelling, grand theft of a firearm, and grand theft. We decline to address his claims alleging ineffective assistance of trial counsel. See Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002). We affirm as to his remaining claims, only one of which warrants discussion.
Citing this court’s decision in McKinney v. State, 796 So.2d 579 (Fla. 2d DCA 2001), Tonge argues that the trial court erred when it denied his motion for a judgment *1108 of acquittal on the armed burglary and grand theft of a firearm charges. We disagree. Although the evidence here may have supported Tonge’s hypotheses of innocence that someone else at some other time entered the victim’s house and stole the gun, in this case, unlike McKinney, the State offered evidence that would be sufficient to permit a jury to reject Tonge’s claim. See State v. Law, 559 So.2d 187, 188 (Fla.1989). In particular, when Tonge was arrested, he had in his possession coins that the victim identified as having come from the coin collection stolen from his home. The victim testified that those coins were stored in a box he kept in his closet and that he stored his gun and ammunition in the same box. We conclude that this evidence distinguishes this case from McKinney and that it is sufficient to permit a jury to reject Tonge’s claim that while he may have taken the coins, someone else at some other time took the gun.
Affirmed.
STRINGER, SILBERMAN, and KELLY, JJ., Concur.