MAY, J.
The defendant appeals the summary denial of his rule 3.850 motion for post-conviction relief. He argues his trial counsel was ineffective by failing to properly object to the jury instructions on burglary. We disagree and affirm.
A dispute between the defendant and a former girlfriend led to his conviction for burglary of a dwelling. In a classic “he said, she said” scenario, the defendant entered the victim’s home in the early morning hours using a key. The defendant claims that he entered the home to retrieve his personal items and had the victim’s permission to be there. The victim claimed the defendant had been stalking her and entered her home without permission. Earlier that evening the victim had *52 called the police to remove the defendant from the premises.
Once inside the home, the defendant and the victim argued; it evolved into a physical altercation. Ultimately, the victim left the home and contacted the police. The police arrested the defendant, who was then charged with burglary with a battery and aggravated stalking.
During closing argument, defense counsel argued that the defendant was guilty of bad judgment, but had the victim’s permission to enter the home. He argued that the defendant was “a welcomed regular visitor,” and that he wasn’t even guilty of a trespass. The State responded that the defendant had been escorted off the premises by the police earlier that evening. When the defendant returned in the early morning hours, he used a key that no one knew he had to gain stealthy entry into the home. The existence or lack of consent therefore became a focal issue of the ease.
Defense counsel did not object to any of the proposed instructions or the verdict form during the charge conference. The court instructed the jury on the elements of burglary with a battery and the lesser-included offenses of burglary of a structure occupied by a human being, burglary of a residence, and trespass, as well as aggravated stalking and the lesser-included offense of stalking. The court specifically instructed the jury:
Before you can find the defendant guilty of burglary of a dwelling with intent to commit battery, the State must prove the following here element [sic] beyond a reasonable doubt:
One, Sainfrene Saintelus entered or remained inside the structure owned by or in the possession of Suzette Rose Perez. And two, Sainfrene Saintelus did not have the permission or consent of Suzette Rose Perez, or anyone authorized to act for her, to enter or remain in the structure at the time.
At the time of entering and/or remaining in the structure Sainfrene Saintelus had a fully-formed, conscious intent to commit the offense of battery in that structure.
Proof of the entering of a structure stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.
After a brief side bar following a defense objection, the court then read the following:
Before you can find the defendant guilty of trespass in a structure, the State must prove the following three elements beyond a reasonable doubt:
One, Sainfrene Saintelus willfully entered and/or remained in the dwelling, having been authorized, licensed, invited to enter and/or remain in the dwelling, willfully refused to depart after having been warned by the owner and/or lessee, Suzette Rose Perez to depart.
Second, the dwelling was in the lawful possession of Suzette Rose Perez.
And third, Sainfrene Saintelus’s entering and/or remaining in the property was without the permission, expressed or implied, of Suzette Rose Perez, or any other person authorized to give that permission.
The jury found the defendant not guilty of aggravated stalking and not guilty of burglary with a battery, but found him guilty of the lesser-included offense of burglary of a dwelling. The court sentenced the defendant to twelve years in prison. This court affirmed the conviction on di *53 rect appeal, but remanded it to the trial court to correct the wording of the judgment.
In his motion for post-conviction relief, the defendant argues his trial counsel rendered ineffective assistance of counsel in failing to object to the standard jury instructions on burglary. He suggests the jury was confused by the “remaining in” language contained in the burglary instruction. We disagree.
In Lopez v. State, 805 So.2d 41 (Fla. 4th DCA 2002), this court held that “the burglary instruction may not include the phrase ‘remaining in’ ” where the evidence establishes that “entry was without permission.” Id. at 43. In this case, however, the defense introduced evidence and argued that the defendant had the victim’s consent to enter the residence. While disputed by the victim, who denied having given the defendant permission to enter, the jury considered evidence that the defendant entered either with the victim’s consent, but “remained in” after consent had been withdrawn, or made a stealthy entry by using a key without the victim’s consent. Thus, the alternative language in the burglary instruction was applicable. There simply was no error in the instruction given, and, therefore, no ineffective assistance of counsel in failing to object to the instruction.

Affirmed.

STEVENSON, C.J., and STONE, J., concur.