DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERTO PESCATORE,** individually, and
**DEEPER BLUE SEA, LLC,** a Florida limited liability company,
Appellants,

v.

**JOSE LUIS FERNANDEZ,**
Appellee.

No. 4D2023-0823

[February 26, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack Tuter, Judge; L.T. Case No. CACE19009643.

Ilene L. Pabian, Christopher N. Bellows, and Chazz Freeman of Holland & Knight LLP, Miami, for appellants.

Elliot B. Kula and William D. Mueller of Kula & Associates, P.A., Miami, for appellee.

LEVINE, J.

We are once again confronted with the all too familiar scenario where an alleged error is not preserved for appeal. Alberto Pescatore and Deeper Blue Sea, LLC (collectively "Pescatore"), appeal a final judgment and final order on motion for judgment notwithstanding the verdict, awarding Jose Fernandez $5 million in damages on his claim for breach of a partnership agreement. Pescatore raises three issues: (1) the damage award was not supported by competent substantial evidence because it was premised on "fabricated" and inadmissible hearsay evidence, (2) the trial court gave an incorrect jury instruction on the statute of frauds defense, and (3) the trial court erred in denying the motion for summary judgment on the statute of frauds defense. As to the first issue, we find that Pescatore did not preserve this argument due to lack of specificity in his objection and thus we must affirm. We affirm the other issues without further comment.

Fernandez filed a complaint against Pescatore for breach of an oral partnership agreement, among other claims. At trial, Fernandez introduced evidence that he and Pescatore, along with two other

individuals, formed an oral partnership in Venezuela for a fish trading business. The partnership was to continue for an indefinite period of time. The partners decided to construct and operate a fish processing plant in Peru. The partners reinvested the profits generated from the fish trading business in order to buy land to build the plant. At some point, the other two individuals left the business, leaving only Fernandez and Pescatore in the partnership.

Fernandez and Pescatore discussed that it would cost $20 million to build the fish processing plant. This price later increased to $25 million. Fernandez testified that he ultimately contributed nearly $5 million in exchange for a 20% ownership interest.

Fernandez further testified that he kept track of his contributions "[i]n Excel pages that reflected the profits from the different entities." It was the same method used to keep track of the profits from the beginning of the partnership. Pescatore and Fernandez would meet and review the Excel sheets together. Fernandez testified that the last sheet, dated December 15, 2014, was the way he kept his business records and was an accurate copy of the summary of contributions that he kept as of December 2014. Fernandez's counsel sought to introduce the document into evidence. The following then transpired:

> [PESCATORE'S COUNSEL]: We object, Your Honor, we believe the predicate has not been properly set and we believe it's hearsay.

> [FERNANDEZ'S COUNSEL]: I just went over the business records.

> [THE COURT]: . . . [T]his is not hearsay, he just testified as to the authenticity of it, the weight that the Jury would give it, it's a different issue, but what did I miss? He just testified—

> [PESCATORE'S COUNSEL]: They had previously testified that they didn't keep records and suddenly there's last—

> [THE COURT]: Okay, that's a different issue, that's going to the weight the Jury would give the exhibit, which you can cross examine the witness on.

After having the court reporter read back these questions and answers, the trial court overruled the objection and admitted the document into evidence.

The document, entitled "summary of accounts," was in Spanish on one side and translated to English on the other side. Fernandez testified that the document showed that by 2013, he had contributed $4,661,966.50. That amount was invested in the plant, which was already under construction in 2012. He contributed an additional $334,000 by 2014, bringing his total contributions to $4,996,923.80, which was 20% of the cost of the $25 million plant. Fernandez further testified that construction was complete in 2015, and the plant was operational in 2016. Around that time, Pescatore took the plant from under the corporate structure in which Fernandez had a stake, then put it in a company under Pescatore's exclusive control, and effectively cut Fernandez out of the partnership.

The jury returned a verdict finding that Fernandez was entitled to recover $5 million for breach of the partnership agreement. The jury entered verdicts for additional sums on other counts, but the trial court granted posttrial motions and struck the other counts as duplicative. The trial court entered a $5 million final judgment in favor of Fernandez on the breach of partnership claim. This appeal follows.

Pescatore argues that the damage award for breach of partnership agreement is not supported by competent substantial evidence because it was premised on Fernandez's spreadsheet, which was not a business record but rather "fabricated" and inadmissible hearsay. We find that this issue is not preserved.

A damage award is reviewed for "substantial competent evidence viewing the facts and all reasonable inferences in the light most favorable to the verdict." *Stuart Roofing, Inc. v. Thomas*, 372 So. 3d 298, 300 (Fla. 4th DCA 2023) (citation omitted). A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *Philip Morris USA, Inc. v. Pollari*, 228 So. 3d 115, 120 (Fla. 4th DCA 2017). However, a de novo standard of review applies to whether evidence falls within the statutory definition of hearsay or is admissible under an exception to the hearsay rule. *Id.*

Section 90.803(6)(a), Florida Statutes (2023), creates a business records exception to the hearsay rule and provides that the following is admissible:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly

3

conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . unless the sources of information or other circumstances show lack of trustworthiness.

Thus, to be admissible under this exception, the proponent must demonstrate that (1) the record was made at or near the time of the event; (2) the record was made by or from information transmitted by a person with knowledge; (3) the record was kept in the ordinary course of a regularly conducted business activity; and (4) it was a regular practice of that business to make such a record. *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008).

On appeal, Pescatore argues that Fernandez never testified that the spreadsheet was made at or near the time of the event, that it was kept in the ordinary course of regularly conducted business activity, and that it was the regular practice of that business to make such a record. However, Pescatore never raised these specific arguments below. Instead, Pescatore objected only on the general, non-specific grounds of "predicate" and "hearsay." We find that this type of general objection, lacking specificity, is insufficient to preserve this issue for our review.

A timely objection must state "the specific ground of objection if the specific ground was not apparent from the context." § 90.104(1)(a), Fla. Stat. (2023). "[A]ppellate courts will not consider grounds for objections to the admissibility of evidence unless they have been stated with specificity at trial." *Jackson v. State*, 738 So. 2d 382, 386 (Fla. 4th DCA 1999). In *Jackson*, this court found that an objection based on "lack of foundation" was insufficient to preserve a challenge to the admission of records under the business records exception. *Id.* This court explained: "The objection 'lack of foundation,' like its first cousin 'improper predicate,' is not a 'specific ground of objection' within the meaning of section 90.104(1)(a) so as to preserve a ruling admitting evidence for appellate review." *Id.* "The general, non-specific objection" of lack of foundation "did not alert the state or the trial court as to what portion was missing from the foundation for the admission of business records under section 90.803(6)(a)." *Id.*

Since *Jackson*, other cases have similarly found that a non-specific objection is insufficient for preservation purposes. *See Universal Ins. Co. of N. Am. v. Sunset 102 Office Park Condo. Ass'n*, 388 So. 3d 181, 186 n.2 (Fla. 3d DCA 2023) (stating that an objection based on "predicate" is not

4

"a catchall substitute for a precise objection to the question posed or the answer given"); *Yang v. Sebastian Lakes Condo. Ass'n,* 123 So. 3d 617, 621 (Fla. 4th DCA 2013) (finding an objection to ledgers on authenticity and foundation grounds did not preserve the argument that the ledgers were untrustworthy and inaccurate); *Filan v. State,* 768 So. 2d 1100, 1101-02 (Fla. 4th DCA 2000) (finding the issue was not preserved where "defense counsel did not direct the court's attention to any aspect of section 90.803(6) which had not been met"); *Couzo v. State,* 830 So. 2d 177, 179 (Fla. 4th DCA 2002) ("Here, as in *Jackson,* the non-specific objection of 'lack of foundation' did not adequately alert the trial court as to what was missing from the foundation."). This issue of failure to preserve with specificity has been an ongoing and unavailing problem that "has all the tenacity of original sin and must constantly be guarded against." Walter Wheeler Cook, *"Substance" and "Procedure" in the Conflict of Laws,* 42 Yale L.J. 333, 337 (1933).

Like in *Jackson,* here, Pescatore's objection failed to specifically identify the alleged defects in the spreadsheet that Pescatore now raises on appeal. The general, non-specific objection of "predicate" and "hearsay" did not put Fernandez or the trial court on notice as to what portion of the business records exception was missing. A specific objection would have enabled the trial court to "make an intelligent and informed decision" and would have given Fernandez "an opportunity to correct the defects, where possible, by asking additional questions of the witness or calling an additional witness who might be able to correct the defects." *Jackson,* 738 So. 2d at 386. Pescatore's failure to make the proper specific objection obviated Fernandez's need to cure any defects. *See id.* As such, we affirm.

*Affirmed.*

WARNER and GROSS, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***