841 So.2d 490 (2003)
James ROBERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1562.
District Court of Appeal of Florida, Fourth District.
February 5, 2003.
Rehearing Denied April 21, 2003.
*491 Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
We affirm defendant's convictions for grand theft and burglary of an occupied structure and write to discuss the jury instruction issue as to the burglary conviction. In so doing, we have decided this case as a full court to recede from Lopez v. State, 805 So.2d 41 (Fla. 4th DCA 2001), which held that it is fundamental error to instruct a jury in burglary cases where the "remaining in" language of the standard instruction is erroneously included.[1]
Although he did not object to the instruction at trial, defendant claims that instructing the jury as follows amounts to fundamental error:
"First: [defendant] entered or remained in a structure owned by or in the possession of [victim].
"Second: [defendant] did not have the permission or consent of [victim] or anyone authorized to act for him to enter and/or remain in the structure.
"Third: At the time of entering or remaining in the structure, [defendant] had a fully formed, conscious intent to commit the offense of theft in that structure.
"A person may be guilty of this offense if he originally entered the premises at a time when they were open to the public, but remained thereafter and he knew that the premises were closed to the public, or if he entered into or remained in areas after the premises were open, which he should have known were not open to the public if he had the intent to commit a crime described in the charge.
"Proof of the entering of a structure stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed."
Defendant relies on Lopez for the proposition that he should be excused from failing to object to the instruction. He argues that it is fundamental error as a matter of law to instruct the jury on the "remaining in" alternative where there is no evidence of consent because it inevitably prejudices the jury into believing that he could be convicted of burglary where his intention to take the stolen property arose after his entry.
Here, the locus in quo was a commercial enterprise, namely a home care/medical supplies business. Defendant was convicted of burglary of the business at 1:00 in the morning by breaking into the closed and locked premises through the glass entrance door and walking out with a television set. No reasonable jury could have been misled by the inclusion of the "remaining in" language to believe that he formed the intent to take the television only after he had already gone to such trouble to break into closed business premises at night.
Lopez was a residential burglary. The victim was awakened in the nighttime hours to find defendant "poking" her as *492 she lay sleeping in her bed. The defendant did not reside in the premises and had no plausible basis for being there.[2] When the victim attempted to flee from him in her home, she found her front door already ajar. Under these facts the jury could not possibly have been misled into thinking that he was somehow lawfully in her bedroom at that hour, having entered with some benign purpose, and only belatedly formed an intent to commit a felony. Nevertheless, we reasoned that:
"In this case, there was no allegation or evidence that appellant ever had permission to be in the victim's home [at the time in question]. There was thus no evidence of appellant's `remaining in' the dwelling after a revocation of consent, which would support the alternative `remaining in' language in the instruction. The instruction, as given, suggested that the jury could convict appellant if he either entered the victim's home with the intent to commit an offense or did not form the intent until after he `remained in' her home. On these facts, however, with no consensual entry, the only way appellant could be convicted of burglary is if he had the intent to commit an offense when he entered the victim's home. Because we cannot say beyond a reasonable doubt that this erroneous instruction did not affect the jury's verdict, we reverse and remand for a new trial." [e.s.]
805 So.2d at 43. As we said, upon further reflection we do not believe that the jury could have concluded under the Lopez facts that the intruder did not form his intent to commit an offense until "after he `remained in' her home."
Not every burglary is the same, but in some there are essential similarities. In at least two kinds of burglaries, the jury would not be misled by the improper inclusion of the "remaining in" language in the standard instruction. The first class involves the strange intruder in the victim's bedroom in the middle of the night; there is no possible explanation for his presence other than to commit an offense. The second involves methods and circumstances of entry consistent only with a purpose to commit an offense: e.g., where the perpetrator saws his way through the roof, or breaks the window or door, to force his way into either residential or business premises at a time when he could not otherwise be there lawfully. Lopez involves the former; this case the latter.
Lopez appears to hold that an erroneous instruction as to an element of the crime on trial is categorically fundamental error. As we shall presently show, giving the erroneous instruction used in this case is not inherently prejudicial; it may be in some cases, but not in others. Anon-categorical approach to erroneous jury instructions in criminal cases was recently applied in Reed v. State, 837 So.2d 366 (Fla.2002). There the trial court failed to instruct the jury accurately on the definition of a disputed, essential element of the crime charged. The instruction actually given allowed the jury to convict on a lesser showing of malice than the statute specified. Defendant failed to object to the improper instruction but argued in the supreme court that the improper instruction was fundamental error.
In agreeing that it was fundamental error not to instruct the jury properly as to the definition of the disputed element, the *493 court emphasized that the erroneous instruction must be "pertinent or material to what the jury must consider in order to convict." 837 So.2d at 369; see also Stewart v. State, 420 So.2d 862, 863 (Fla.1982). The Reed court recalled that an error is fundamental only when it "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." The court then added:
"Thus, for error to meet this standard, it must follow that the error prejudiced the defendant. Therefore, all fundamental error is harmful error. However, we likewise caution that not all harmful error is fundamental. Error which does not meet the exacting standard so as to be `fundamental' is subject to review in accord with State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (discussing the harmless error test)." [e.s.]
837 So.2d at 370.
We distinguish Reed from the present case and Lopez. In Reed the erroneous instruction improperly weakened a critical element of the crime; the erroneous instruction allowed the jury to convict when there was no evidence of the kind of malice specified in the statutory definition of the crime itself. In the present case, however, the statute defines the crime in alternative ways. One way is by stealthily breaking and entering the premises with an intent to commit an offense within. The alternative way is to stealthily remain in the premises after first being admitted consensually and only after being first admitted form the intent to commit an offense in the premises.
The erroneous instruction in the case we face today (and in Lopez) involves an instruction on both alternative methods for committing the crime even though all the evidence points to only the "breaking and entering" alternative. In burglary cases, the jury is instructed that it may infer the requisite intent to commit an offense for the "breaking and entering" alternative from evidence of stealthy entry without consent. Here, as in Lopez, there was evidence of stealthy entry without consent. Where the evidence points clearly to the alternative that would allow the jury properly to presume the requisite intent, it is not reasonable to suppose the jury was misled by the inclusion of the instruction as to the "remaining in" alternative into blurring or eliminating crucial statutory elements of the crime, as the Reed instruction did. Thus while it might be fundamental error in a given case to instruct on both alternatives,[3] we hold in this case that defendant was not prejudiced by instructing the jury as to both alternatives, and therefore any error would not be fundamental.
We stress also that in both of the two classes of cases we have described, there is simply no basis for the intruder to be in the premises. In the Lopez facts, the presence of an uninvited intruder in a victim's bedroom in the middle of the night is consistent only with an intent to commit an offense. In this case involving business premises, the manner and time of entry are similarly inconsistent with any purpose of the intruder to be on the premises other than to commit an offense.
We therefore recede from Lopezand any similar case relying thereonto the extent that it holds that the erroneous giving of a "remaining in" instruction is always fundamental error. As these cases show, it may not be. See also Johnekins v. State, 823 So.2d 253 (Fla. 3d DCA 2002) *494 (holding that improper instruction on "remaining in" is not always fundamental error and that the analysis depends on the facts of the individual case).
AFFIRMED.
POLEN, C.J., and GUNTHER, STONE, WARNER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR, HAZOURI and MAY, JJ., concur.
NOTES
[1] In affirming on all issues, we obviously conclude that the evidence of value of the stolen property was sufficient to establish grand theft.
[2] As it happens, the victim had previously met the intruder as a result of his residence in the same neighborhood and had once hired him to perform some odd jobs around her home. But nothing in the record suggested consent or a non-criminal reason for being in her bedroom in the middle of the night.
[3] Obviously trial judges should adapt the standard burglary instruction by eliminating the "remaining in" alternative unless there is evidence making it suitable.