839 So.2d 862 (2003)
Cecil COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1690.
District Court of Appeal of Florida, Fourth District.
March 12, 2003.
*863 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr. Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for burglary of an occupied dwelling. He raises as error the jury instructions given and the court's impromptu sentencing. We affirm his conviction, but reverse and remand the case for a new sentencing hearing.
Testimony revealed that the defendant had followed, watched, and made sexual advances to the female victim prior to the incident. On the day in question, the defendant entered the victim's apartment at five a.m. He came in through a back window that was not visible from other apartments or to people passing by. He opened the bedroom door only to encounter the victim's husband, who chased him out of the apartment. The defendant left in the same stealthy manner that he entered. He admitted to entering the apartment, but denied any criminal intent.
The State charged him with burglary of an occupied dwelling. When the defense rested, the State requested and the trial court granted a three-day adjournment to allow the State to bring in rebuttal witnesses from Louisiana.
Without objection, the trial court instructed the jury as follows.
Before you can find the defendant guilty of burglary, the state must prove the following three elements beyond a reasonable doubt: (1) That Cecil Collins entered or remained in a structure owned by or in possession of Tina Nolte and Ron Nolte; (2) Cecil Collins did not have the permission or consent of Tina Nolte or Ron Nolte or anyone else authorized to ask [sic] for them to enter and/or remain in the structure at that time; (3) At the time of entering or remaining in the structure, Cecil Collins had a fully formed, conscious intent to commit an offense in that structure. Proof of the entering of a structure stealthfully, and without the consent of the owner or occupant, may justify a finding that the entering was with the intent to commit a crime if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.
The trial court reread the instructions, including the burglary instruction, in response to a jury question concerning whether "stealthiness" could itself be evidence of intent to commit a crime. The jury convicted the defendant as charged.
Defense counsel requested a pre-sentence investigation [PSI]. The State requested the court to set a date for sentencing. The court began to set a date when it became aware that the defendant was not entitled to a PSI. The judge then asked "Why am I not sentencing him today? What do you all want to do?" The State indicated that there was no legal reason why the court could not sentence the defendant immediately.
The judge then asked defense counsel whether he was ready to go forward with sentencing. Defense counsel replied that he needed time and asked for a couple of weeks. The judge asked defense counsel to state specifically whom and what he needed. Defense counsel said that he would most likely call the defendant's parents, who lived in Louisiana. He didn't know when they could travel, which is why he asked for two weeks.
THE COURT: Is there any reason not to set it at 1:30?
MR. ROSSMAN [the prosecutor]: There's no legal reason.

*864 THE COURT: Be back at 1:30.
MR. MARCHETTA [defense counsel]: Your Honor, the state was given three days to get their witnesses in from Louisiana, three days. This man is being sentenced. He's looking at 15 years. You gave them three days. Give us the same three days, Judge. We don't want to rush into this. That's all we're asking, just a couple of days.
THE COURT: I'm sure you've had an enormous amounts [sic] of time to determine what it is you may not [sic] want to do had this verdict been what the verdict is. I'll be back at 1:30. See you all then.
When court reconvened, defense counsel again asked for more time to bring in the defendant's parents, his coaches, and other people that he worked with in the Louisiana community. In essence, counsel asked the court for the same opportunity the State had been given to bring in witnesses from Louisiana. The court denied the request.
The State presented testimony from the victims, and asked the court to consider evidence of prior consistent acts that had been kept from the jury. Defense counsel declined to make a presentation stating that he "was not prepared." The trial judge sentenced the defendant to fifteen (15) years in prison.
The defendant argues that the trial court committed fundamental error in instructing the jury on the crime of burglary. He relies on this court's decision in Lopez v. State, 805 So.2d 41 (Fla. 4th DCA 2001), to support his position. This court has recently receded from Lopez in Roberson v. State, 841 So.2d 490 (Fla. 4th DCA 2003).
Based upon Roberson, we find that the burglary instruction given in this case did not constitute fundamental error. Roberson, 841 So.2d at 493. As in Roberson, the defendant was not prejudiced by the inclusion of the "remaining in" language of the instruction because the evidence at trial pointed clearly to the "breaking and entering" method of committing the crime of burglary. Id. We therefore affirm the conviction.
We conclude, however, that the trial court abused its discretion in denying the defendant the opportunity to present mitigating evidence at his sentencing hearing. See Weible v. State, 761 So.2d 469 (Fla. 4th DCA 2000).
We acknowledge the discretion possessed by trial courts in deciding whether to grant a continuance. We further understand that the trial court's decision should not be reversed unless "there has been a palpable abuse of this judicial discretion." Magill v. State, 386 So.2d 1188, 1189 (Fla.1980). However, "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense." Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).
Over repeated requests, the court denied the defense any time to prepare for sentencing. While the court had adjourned the trial for three days to allow the State to bring in rebuttal witnesses, it denied the same opportunity to the defendant when he was facing, and ultimately received, fifteen years in Florida State Prison. A palpable abuse of discretion is evident from this record. The case is remanded for a new sentencing hearing.
GUNTHER and FARMER, JJ., concur.