SHAHOOD, J.
We affirm appellant’s conviction on the charge of possession of cocaine with intent to deliver. Appellant raises as her final point on appeal that the trial court erred in sentencing her in violation of Rule 3.720, Florida Rules of Criminal Procedure. Ap-pellee concedes, and we agree, that the trial court reversibly erred in sentencing appellant without a sentencing hearing.
Appellant in this case, immediately after being found guilty by a jury, requested the trial court to “order a sentencing hearing” *1036 in a few weeks to enable the court to “entertain submissions and evidence by the parties that are relevant to the sentence.” The court denied appellant’s request and proceeded to immediately sentence appellant.
Florida Rule of Criminal Procedure 3.720 provides:
Rule 3.720. Sentencing Hearing
As soon as practicable after the determination of guilt and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing. At the hearing:
(a) The court shall inform the defendant of the finding of guilt against the defendant and of the judgment and ask the defendant whether there is any legal .cause to show why sentence should not be pronounced....
(b) The court shall entertain submissions and evidence by the parties that are relevant to the sentence.
(emphasis added.)
As noted by appellee in this case, in State v. Scott, 439 So.2d 219 (Fla.1983), the Florida Supreme Court held that:
Unarguably, the prisoner to be sentenced is facing a critical stage of the criminal proceedings, whether the sentence to be imposed is the immediate result of adjudication of guilt or the result of a successful Rule 3.850 challenge. Thus, a sentencing hearing is mandatory [under] Florida Rule of Criminal Procedure 3.720....
Accord Collins v. State, 839 So.2d 862, 864 (Fla. 4th DCA 2003).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RE-SENTENCING.
TAYLOR and MAY, JJ., concur.