WARNER, J.
Appellant was charged with and convicted of burglary of a church office during a Sunday morning worship service. He complains that the trial court committed *1246 fundamental error when instructing the jury that it could find him guilty if, at the time he entered or remained in the structure, he had a fully formed and conscious intent to commit a crime on the premises. We hold that the instruction given did not constitute fundamental error because there was evidence that appellant surreptitiously remained on the premises with the intent to commit the offense.
The church in question consists of a sanctuary that has windows looking onto a hallway lined with five classrooms and a minister’s office, which contains a desk where the offering box is stored. The office door has no signs on it indicating that it is a private office or for church personnel only. It is usually closed and locked and is not open to members of the public. However, it is unlocked when the classrooms are in use so that teachers may use the photocopier inside the office. Three classrooms were in use at the time of the incident in this case.
On the Sunday in question, the associate pastor noticed appellant walking in the hallway. She exited the sanctuary to greet appellant whom she did not recognize as a member of the congregation. As she entered the hallway, she saw the minister’s office door open and close. She walked past the doorway, which has a small panel of glass on it, and observed appellant going through the desk drawers. She called for the pastor, and the two of them approached appellant.
The pastor asked appellant if he needed help, and appellant said he was waiting for someone. The pastor asked appellant what he had in his pocket. As appellant reached into his pocket, the pastor heard the rustling of paper. Though appellant pulled out some keys, his pocket still appeared to be bulging. By this time, the associate pastor had checked the offering box and found it was empty. When the pastor asked appellant about the money, he ran. Ultimately, he was apprehended. At first he denied taking anything from the church, but when the police arrested him and a search revealed $36 in his pocket, he offered to give back the money to avoid going to jail.
At trial, appellant argued that his entry into the church was consensual, as the church was open to the public for Sunday services. He suggested that the hallways were filled with people, and the office looked just like one of the classrooms which were open to the public. There was no indication that the office was not open to the public so that appellant would have knowledge that he was not allowed to enter the office.
The trial court gave the standard jury instruction without objection, stating:
Before you can find the defendant guilty of burglary, the State must prove the following three elements beyond a reasonable doubt.
Element number one, the defendant entered or remained in a structure owned by or in the possession of New Life Church of.God.
Number two, the defendant did not have the permission or consent of New Life Church of God, or anyone authorized to act for them, to enter or remain in the structure at the time.
Number three, at the time of entering or remaining in the structure, the defendant had a fully formed conscious intent to commit the offense of theft in that structure.
A person may be guilty of this offense if he entered into or remained in areas *1247 of the premises which he knew or should have known, were not open to the public, if he had the intent to commit the crime described in the charge.
The jury found appellant guilty of burglary of a structure and other charges not relevant to this appeal.
Burglary of a structure may be committed in two ways: (1) by entering a structure without permission with an intent to commit an offense, or (2) by surreptitiously remaining in a structure with an intent to commit an offense. See Alexandre v. State, 834 So.2d 344, 346 (Fla. 4th DCA 2003); § 810.02(1)(b), Fla. Stat. (2001).[1] Where the facts of the case cannot support a “surreptitious remaining” after a consensual entry, inclusion of the “remaining in” language of the standard jury instruction constitutes fundamental error. Floyd v. State, 850 So.2d 383, 402 (Fla.2002).
Relying on Lopez v. State, 805 So.2d 41 (Fla. 4th DCA 2001), appellant claims that including the “remaining in” language in the jury instruction was error because there was no evidence that appellant had consent to be in the church office. Lopez held that it was fundamental error to include the “remaining in” language in the instruction where there was no evidence that defendant’s entry was consensual, as it may allow the jury to convict a defendant of burglary where the intent to commit an offense was formed after a noncon-sensual entry. See id. at 43. However, we receded from Lopez in Roberson v. State, 841 So.2d 490, 493 (Fla. 4th DCA 2003), and held that whether the “remaining in” language constitutes fundamental error depends upon the facts of the particular case.
The facts of this particular case are similar to those in Jones v. State, 843 So.2d 946 (Fla. 4th DCA 2003), where a defendant entered the open door of a dormitory room, closed it behind him, and proceeded to walk towards the crates of the occupant’s music collection until stopped by the occupant who was on the top bunk bed in the dorm room. He was charged with burglary. At trial, the judge included the “remaining in” language in the jury charge. We held that the charge was not fundamentally erroneous, because the defendant had argued that the open dorm room door constituted implied consent to enter and that defendant’s act of shutting the door after entry “was an attempt to conceal his presence which amounted to surreptitiously remaining inside.” Id. at 948.
In this case, defense counsel argued to the jury that the church was open to the public and nothing indicated that the minister’s office was off limits to appellant. However, just as in Jones, appellant shut the door of the office behind him, which the jury could have determined was an act to conceal himself. Although this door had a narrow window in it, the closed door would conceal most activity. Because there was some evidence of concealment, and thus a surreptitious remaining in, we conclude that the instruction given did not constitute fundamental error.
We affirm as to all remaining issues raised.
POLEN and STEVENSON, JJ., concur.

. The Legislature amended the burglary statute effective July 1, 2001. As this incident occurred a month later, the amended version of the statute would apply.