DAMOORGIAN, J.
 

 Anthony Torres was charged with two counts of burglary (Count I and II), one count of resisting without violence (Count III), and one count of stalking (Count IV). Torres was found guilty on all counts. On Counts I and II, Torres was sentenced on each count to fifteen years and one day in prison, followed by five years of probation. On Counts III and IV, Torres was sentenced on each count to 364 days. All sentences were to run concurrently. Torres appeals the trial court’s denial of his motion for judgment of acquittal on Counts I, II, and IV and its denial of his motion to suppress. We find merit to Torres’ claim that the trial court reversibly erred by denying his motion for judgment of acquittal on Counts II and IV, and reverse his convictions and sentences on those counts. We affirm Torres’ convictions and sentences on Counts I and III and the denial of his motion to suppress without discussion.
 

 By way of background, the burglary charges arose out of two separate incidents. The first occurred on August 31, 2007, and the second on September 6,
 
 *1066
 
 2007. In regards to the September 6th incident, Torres came to the rear door of the victim’s house. The victim heard Torres knocking on the door several times asking for people who did not live there. The victim also observed Torres looking through the windows. Torres testified that he went to the victim’s house to look for two women whom he knew from his childhood.
 

 The following facts were adduced at the motion to suppress hearing and at trial in regards to the stalking charge. The first time Torres went to the victim’s house was earlier in August before the first burglary. He repeatedly knocked on the front door and would not go away. The victim told Torres that whoever he was looking for did not live there, and Torres left. Torres came back to the victim’s house every day between August 31st and September 6th. On each occasion, Torres would turn the knobs and look through both the front and back windows. Torres told the police that “God told him to go up to the house and to look for those girls Yvonne and Yvette.”
 

 Torres argues that his motion for judgment of acquittal should have been granted on the second burglary charge because the State failed to prove that he entered the victim’s house with the intent to commit an offense therein. “Tn reviewing a motion for judgment of acquittal, we apply a
 
 de novo
 
 standard of review.’ ”
 
 L.O. v. State,
 
 44 So.3d 1290, 1293 (Fla. 4th DCA 2010) (quoting
 
 Romero v. State,
 
 901 So.2d 260, 264 (Fla. 4th DCA 2005)). If there is competent, substantial evidence of each element of the charged crime, the denial of a motion for judgment of acquittal will be affirmed.
 
 Johnson v. State,
 
 969 So.2d 938, 955 (Fla.2007).
 

 Section 810.02(l)(b)l., Florida Statutes (2007), defines burglary as: “Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein ....” § 810.02(l)(b)l., Fla. Stat. Section 810.07(1), Florida Statutes (2007), provides, “In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense.” § 810.07(1), Fla. Stat.
 
 See Collins v. State,
 
 839 So.2d 862, 863 (Fla. 4th DCA 2003) (“Proof of the entering of a structure stealthfully, and without the consent of the owner or occupant, may justify a finding that the entering was with the intent to commit a crime.... ”).
 

 On September 6th, Torres never gained entry into the home, and he testified that he went to the home only to look for childhood friends. Additionally, it cannot be inferred that Torres intended to enter the home, because he did not act stealthily. The victim testified that when Torres came to the door on September 6th, he knocked several times and asked for individuals who did not live there. Because Torres never entered the victim’s home and made his presence known to the victim, there is no evidence that Torres intended to commit a crime in the residence. Accordingly, the State failed to prove an essential element of the burglary charge relating to the September 6th incident.
 

 Torres also claims that the trial court erred in failing to grant his motion for judgment of acquittal on the stalking charge. Section 784.048(2), Florida Statutes (2007), provides, “Any person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking, a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.” § 784.048(2), Fla. Stat. Both Torres and the State argue over whether the behavior of Torres was willful, malicious, and re
 
 *1067
 
 peated. However, the critical question is whether Torres’ actions were directed specifically at the victim. “ ‘Harass’ means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” § 784.048(l)(a), Fla. Stat. (2007).
 

 Torres’ actions were not targeted at the victim. The first time that Torres went to the victim’s house in August, the victim told him that whoever he was looking for did not live there, and he left. Torres stated that he went to the victim’s residence in August and September to look for two other women named Yvonne and Yvette. The victim even admitted that she knew Torres was not looking for her. Accordingly, the State failed to prove an essential element of the stalking charge that Torres’ actions were aimed at the victim.
 

 We, therefore, affirm as to Counts I and III, reverse as to Counts II and IV, and remand for entry of a judgment of acquittal as to Counts II and IV. Since Torres’ sentence on Count I is a mandatory minimum, there is no necessity for resentenc-ing as to that count.
 

 Affirmed in Part; Reversed in Part and Remanded for proceedings consistent with this opinion.
 

 WARNER and GERBER, JJ., concur.